UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 25-11481-RGS

M.M. and WASCAR DELEON

v.

SWEEPSTEAKES LIMITED

MEMORANDUM AND ORDER ON
MOTION TO COMPEL ARBITRATION

November 20, 2025

Defendant Sweepsteakes Limited, which operates an online gaming platform used by plaintiffs M.M. and Wascar Deleon, moves to compel arbitration. Sweepsteakes alleges that it entered into a contract with M.M. and Deleon that includes a clause requiring an arbitrator to resolve any disputes that might arise. Def.'s Mem. [Dkt # 18] at 1. A dispute has arisen. M.M. and Deleon oppose Sweepsteakes' motion, arguing that consideration was lacking, and that the agreement is a nonseverable provision of a contract that is void under Massachusetts law as contrary to public policy. Pl.'s Mem. [Dkt #22] at 1-2.

While the authority of a federal court to interject itself in an arbitration dispute is large when the issue is whether an agreement to arbitrate exists at

all,[1] *Howsam v. Dean Witter Reynolds, Inc.*, 537 U.S. 79, 84 (2002), the existence of the arbitration agreement is not in dispute here.  The parties' disagreement involves a different issue – whether the arbitration clause itself is void.  The scope of an arbitration clause is ordinarily a matter for the court to resolve in the first instance.[2]  *Biller v. S-H OpCo Greenwich Bay Manor, LLC*, 961 F.3d 502, 510 (1st Cir. 2020).  The result is different, however, where the parties, through clear and specific language, delegated all questions of arbitrability to the arbitrator.  *Id.*[3]

That is what the parties have done here.  M.M. and Deleon agreed to a set of terms and conditions (the Terms and Conditions) in order to gain

---

[1] Where a party disputes the very existence of an agreement to arbitrate, its remedy is to refuse to participate in the proceedings and raise the existence issue at a confirmation of award hearing.  *MCI Telecomms. Corp. v. Exalon Indus., Inc.*, 138 F.3d 426, 430 (1st Cir. 1998).

[2] Specifically, "[w]hen deciding whether the parties agreed to arbitrate a certain matter (including arbitrability), courts generally . . . should apply ordinary state-law principles that govern the formation of contracts." *First Options of Chicago, Inc. v. Kaplan,* 514 U.S. 938, 944 (1995).  Under Massachusetts contract law, "unless the challenge is to the arbitration clause itself, the issue of the contract's validity is considered by the arbitrator in the first instance." *Good v. Uber Techs., Inc.,* 494 Mass. 116, 145 (2024), quoting *Buckeye Check Cashing, Inc. v. Cardegna*, 546 U.S. 440, 445-446, (2006).

[3] *See also Awuah v. Coverall N. Am., Inc.*, 554 F.3d 7, 10-12 (1st Cir. 2009) (holding that an agreement authorizing the arbitrator to determine the "existence, scope or validity" of the agreement committed these "gateway" issues to the arbitrator.)

2

access to Sweepsteakes' gaming platform, Stake.us (Stake).  Def.'s Mem. at 1-2.  Section 26.6 of the Terms and Conditions states: [4]

> We Both Agree to Arbitrate.  By agreeing to these Terms and Conditions, both you and Stake agree that any and all Disputes, including without limitation any question regarding the existence, validity, enforceability, or termination of these Terms and Conditions and/or this clause 26 (Dispute Resolution and Agreement to Arbitrate), shall be referred to and finally resolved by arbitration administered by the American Arbitration Association (AAA), the rules of which are deemed to be incorporated by reference into this clause.

*Id.*, Ex. E ¶ 26.6.[5]

---

[4] Section 26.3 of the Terms and Conditions further states:

> By agreeing to these Terms and Conditions, you agree that any and all past, present, and future disputes, claims or causes of action between you and Stake or any of its affiliates, subsidiaries, ultimate parent and parent companies, partners, officers, directors, employees, contractors, shareholders, agents, licensors, subcontractors or suppliers, which arise out of or are related in any way to these Terms and Conditions, the formation of these Terms and Conditions, the validity or scope of this clause 26 . . . or any other dispute between you and Stake or any of its affiliates, subsidiaries, ultimate parent and parent companies . . . including as to the arbitrability of any of the forgoing . . . will be governed by the procedure set out below [including 26.6].

*Id.*, Ex. E ¶ 26.3.

[5] That Section 26.6 of the Terms and Conditions may have a flavor of adhesion is of no bearing as there is nothing innately unconscionable about delegating gateway issues to an arbitrator. *Bull HN Info. Sys., Inc. v. Hutson*, 229 F.3d 321, 331 (1st Cir. 2000).

3

Because the parties delegated issues of arbitrability to the arbitrator, the question of the validity of the arbitration agreement is to be resolved by the arbitrator. The court will stay proceedings pending the arbitrator's decision.

SO ORDERED.

/s/ Richard G. Stearns
_____
UNITED STATES DISTRICT JUDGE