UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 25-cv-11481-RGS

MARCOS MOREIRA and WASCAR DELEON

v.

SWEEPSTEAKS LIMITED

MEMORANDUM AND ORDER
CONFIRMING ARBITRAL AWARD

October 16, 2026

STEARNS, D.J.

On July 30, 2026, the American Arbitration Association (AAA) entered an arbitration award (Award) in favor of, and limited to, the arbitrability of the parties' dispute over the enforceability of an arbitration clause in a gaming contract. Currently pending before the court are: (1) plaintiffs Marcos Moreira's and Wascar Deleon's motion to vacate the Award; and (2) defendant Sweepsteaks Limited's (Stake) motion to confirm the Award. For the reasons that follow, Stake's motion will be granted and plaintiffs' motion denied.

## BACKGROUND

Stake operates Stake.us, an online gaming platform which plaintiffs allege evades gambling and money laundering laws by offering allegedly

sham "sweepstakes" at "Internet cafés." Compl. ¶¶ 27-50. Plaintiffs filed this putative class action in May of 2025. Stake then moved to compel plaintiffs to submit to arbitration under the Federal Arbitration Act (FAA) based on the parties' agreement to resolve contractual disputes through arbitration.[1] The court granted the motion on November 20, 2025. *See* Dkt # 28 (2025 Order). The court held that the parties had agreed to delegate "issues of arbitrability to the arbitrator," leaving the "question of the validity of the arbitration agreement . . . to be resolved by the arbitrator." *Id.* at 4.

Plaintiffs filed a Demand for Arbitration with AAA on December 22, 2025. In their Demand, plaintiffs sought a "determination of arbitrability, pursuant to the District Court's order and the governing terms and conditions at issue." *See* Dkt # 38 (Ward Decl.), Ex. 1. Following briefing from the parties, Arbitrator Paula M. Bagger issued a "final determination" on July 30, 2026, that the arbitration agreement was binding. *Id.*, Ex. 4. Plaintiffs subsequently moved to set aside the arbitrator's finding on August 31, 2026. On September 21, 2026, Stake opposed plaintiffs' motion and cross-moved to confirm the finding.

---

[1] Plaintiffs argued in opposition to the motion to compel that there was a lack of consideration because of a unilateral modification clause in the stake.us terms and conditions (Terms and Conditions), and that the modification clause is a non-severable provision of the contract that renders the contract void under Massachusetts law as contrary to public policy.

## DISCUSSION

Plaintiffs oppose confirmation on two grounds: they challenge the court's statutory authority to confirm the Award and contend that the arbitrator exceeded her powers.[2] Neither argument succeeds.

First, Stake seeks confirmation under §§ 9 and 207 of the FAA. Chapter 1 (9 U.S.C. §§ 1-16) contains the FAA's general provisions, while Chapter 2 (9 U.S.C. §§ 201-208) implements the Convention on the Recognition and Enforcement of Foreign Arbitral Awards (Convention) which applies to certain awards arising from commercial relationships with a foreign nexus. 9 U.S.C. § 202; *see DiMercurio v. Sphere Drake Ins., PLC*, 202 F.3d 71, 74 n.2 (1st Cir. 2000) (explaining that the Convention's foreign-nexus requirement is satisfied if a party to the arbitration agreement is not an American citizen or the commercial relationship bears a reasonable relation to a foreign state). The Award meets Chapter 2's requirements: it arises from a commercial agreement governing plaintiffs' access to and use of Stake's website, and that agreement is between two individuals domiciled in United States and a foreign limited company organized under the laws of Cyprus with its principal place of business in Australia. Dkt # 38 ¶¶ 1-2.

[2] As a matter of law, the court retained jurisdiction to confirm any award after granting Stake's motion to compel arbitration. *See Julez v. Andre Balazs Props.*, 608 U.S. 200, 209-210 (2026).

Plaintiffs do not dispute that the Award meets these requirements. Rather, they argue that confirmation under § 207 is improper because the Terms and Conditions constitute an unsigned, adhesive form agreement. But "the fact that an agreement is a contract of adhesion . . . does not alone make the document invalid . . . ." *Awuah v. Coverall N. Am., Inc.*, 554 F.3d 7, 12 n.4 (1st Cir. 2009); *see* 2025 Order at 3 n.5 citing *Bull HN Info. Sys., Inc. v. Hutson*, 229 F3d 321, 331 (1st Cir. 2000).[3]

Because the Award falls under the Convention, § 207 supplies the statutory basis for confirmation, and the court need not resolve plaintiffs' separate objection to confirmation under § 9. Even if confirmation were considered under § 9, however, that objection would fail. Plaintiffs argue that the Terms and Conditions must explicitly authorize confirmation. But "[m]ost courts have ordered confirmation of an arbitration award [under § 9] even in the absence of an explicit agreement where the parties have agreed that the arbitration would be final and binding." *Weinstein v. Levin-Fricke-Recon*, 1999 WL 397414, at *2 (D. Mass. Apr. 29, 1999). Such is the case here. Section 26.6 of the Terms and Conditions states that the parties agree that disputes "shall be referred to and *finally resolved* by arbitration." 2025

[3] Further, any state law specifically and solely applicable to arbitration agreements is displaced by the FAA. *Doctor's Assocs., Inc. v. Casarotto*, 517 U.S. 681, 687-688 (1996).

Order at 3 (emphasis added). The power to confirm is even more enhanced where, as here, "the party [opposing confirmation] has participated fully in the arbitration process." *Weinstein*, 1999 WL 397414, at *2.

Second, plaintiffs contend that the arbitrator exceeded her powers, warranting vacatur under 9 U.S.C. § 10(a)(4).[4] They have not met the heavy burden required to obtain that relief. *See* 9 U.S.C. § 10(a)(4); *Hoolahan v. IBC Advanced Alloys Corp.*, 947 F.3d 101, 116 (1st Cir. 2020) ("[A]bsent a strong implication that an arbitrator exceeded [her] authority, the arbitrator is presumed to have based [her] award on proper grounds."). Because the Terms and Conditions constitute a clear and specific agreement to delegate the authority to determine arbitrability questions to the arbitrator, the court declines to entertain plaintiffs' effort to advance the same arguments made in opposition to the motion to compel arbitration.[5] In its 2025 Order, the

---

[4] Although § 10(a)(4) falls under Chapter 1 of the FAA, § 208 incorporates Chapter 1 insofar as it does not conflict with Chapter 2 or the Convention. *See* 9 U.S.C. § 208; *Corporacion AIC, SA v. Hidroelectrica Santa Rita S.A.*, 66 F.4th 876, 881 (11th Cir. 2023) (en banc) (a party may invoke § 10(a)(4) to vacate an award governed by the Convention).

[5] While challenges to the arbitrator's jurisdiction are presumptively for courts to decide, parties to an arbitration agreement may delegate all questions of arbitrability by clear and specific language to the arbitrator. *See Bossé v. N.Y. Life. Ins. Co.*, 992 F.3d 20, 28 (1st Cir. 2021); *Awuah*, 554 F.3d at 10-12. As the court previously explained, that is precisely what the parties did here. *See* 2025 Order at 2-3 (citing Sections 26.3 and 26.6 of the Terms and Conditions).

court advised plaintiffs that, should they so elect, their "remedy is to refuse to participate in the [arbitration] proceedings and raise the existence issue at a confirmation of award hearing." 2025 Order at 2 n.1, citing *MCI Telecomms. Corp. v. Exalon Indus., Inc.*, 138 F.3d 426, 430 (1st Cir. 1998). Plaintiffs instead chose to proceed to arbitration and fully litigate their position, including the argument that the agreement was illusory and illegal, and now, being dissatisfied with the result, seek a second bite at the apple, a treat that this court is not inclined to grant.[6]

**ORDER**

For the foregoing reasons, Stake's motion to confirm is <u>GRANTED</u> and plaintiffs' motion to vacate is <u>DENIED</u>.

SO ORDERED.

/s/ Richard G. Stearns
UNITED STATES DISTRICT JUDGE

[6] Further, plaintiffs fail to explain why the court should not apply the law of the case. *See Pepper v. United States*, 562 U.S. 476, 506 (2011); *see also Van Horn v. Van Horn*, 393 F. Supp. 2d 730, 740 (N.D. Iowa 2005) (law of the case is warranted based on judicial efficiency where the court already stayed the action and ordered arbitration, the parties fully arbitrated their claims, and the arbitrator rendered a decision).